# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

DEBBIE YOUNG,

    Plaintiff,

v.

                                   CASE NO.:

WAL-MART STORES, INC. d/b/a
WAL-MART NEIGHBORHOOD MARKET,

    Defendant.

_____/

## COMPLAINT

Plaintiff, DEBBIE YOUNG ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WAL-MART STORES, INC. d/b/a WAL-MART NEIGHBORHOOD MARKET ("Defendant"), and in support states as follows:

## GENERAL ALLEGATIONS

1. This action is brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, to redress injuries suffered by Plaintiff as a result of Defendant's unlawful discrimination, retaliation, and creation of a hostile work environment based on Plaintiff's race, color, and national origin.

2. This Court has jurisdiction over this action because the matter in controversy exceeds $50,000, exclusive of interest, costs, and attorneys' fees. This Court has concurrent jurisdiction over Plaintiff's claims arising under Title VII and 42 U.S.C. § 1981.

3. Venue is proper in Palm Beach County, Florida, pursuant to § 47.011, Florida Statutes, because the causes of action accrued in Palm Beach County and a substantial part of the events giving rise to Plaintiff's claims occurred there.

4. At all times material hereto, Plaintiff was employed by Defendant at a facility located in Palm Beach County, Florida.

5. Defendant conducts business in Palm Beach County, Florida, where it operates the facility at which Plaintiff worked.

6. Defendant is an "employer" within the meaning of the Florida Civil Rights Act, Fla. Stat. § 760.02, Title VII, 42 U.S.C. § 2000e(b), and 42 U.S.C. § 1981, in that it employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the relevant period.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act and the applicable federal statutes.

8. On or about August 5, 2025, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 510-2025-11049, which was dually filed with the Florida Commission on Human Relations ("FCHR"). In her Charge, Plaintiff alleged discrimination based on race, color, and national origin, retaliation, and a hostile work environment– the same claims asserted herein.

9. More than 180 days have elapsed since the filing of Plaintiff's Charge of Discrimination on August 5, 2025, without the entry of a determination by the Commission. Plaintiff has therefore exhausted her administrative remedies under the Florida Civil Rights Act and timely brings her claims under that Act. *See* Fla. Stat. § 760.11(8).

10. All conditions precedent to the filing of this action under the Florida Civil Rights Act and 42 U.S.C. § 1981 have been satisfied, waived, or excused. With respect to Plaintiff's claims under Title VII, more than 180 days have elapsed since the filing of the Charge, and Plaintiff has

2

requested a Notice of Right to Sue from the EEOC; Plaintiff relies upon that Notice upon its issuance.

11. Plaintiff has retained the undersigned counsel and has become obligated to pay a reasonable attorneys' fee. Plaintiff seeks declaratory, injunctive, legal, and equitable relief, together with attorneys' fees, costs, and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff began her employment with Defendant on or about February 1, 2024, initially working in the Deli Department as a Prep and Server employee before later transferring to the Produce Department as a stock employee.

13. Plaintiff was paid approximately $17.50 per hour through direct deposit, was classified as a W-2 employee with taxes withheld, regularly worked approximately forty (40) hours per week, and clocked in and out through Defendant's phone-based timekeeping system.

14. During the relevant time period, Plaintiff's supervisors, managers, and human resources personnel included Supervisor Mike, Team Lead Brittany Dorvil, Store Manager Jody, Operations Manager Michelle, Overnight Manager Tamica Wilkerson, HR representative Trinety, Rochelle, Mr. James, Jennifer, and Antonio.

15. Plaintiff is a Black American woman, is not Haitian, and was approximately sixty (60) years old during the events described herein.

16. Plaintiff alleges that Defendant discriminated against Plaintiff based on Plaintiff's race, color, and national origin, retaliated against Plaintiff for opposing discriminatory treatment and complaining about harassment, and subjected Plaintiff to a hostile work environment.

17. Around August 2024, Plaintiff was working in the Deli Department and was the only American employee assigned to that department, while the majority of Plaintiff's coworkers were Haitian.

18. Around that same time, Tamica Wilkerson, an American manager, told Plaintiff that "the Haitians always give people a hard time."

19. Shortly after Plaintiff began working in the Deli Department, Plaintiff experienced discriminatory and hostile treatment from Haitian coworkers, including coworkers attempting to force Plaintiff to perform their work assignments in addition to Plaintiff's own duties; coworkers harassing Plaintiff, arguing with Plaintiff, and sabotaging Plaintiff's work; and coworkers creating an intimidating and hostile work environment directed toward Plaintiff.

20. Plaintiff complained about the harassment and discriminatory treatment to Mr. James, but Defendant failed to take corrective action.

21. Rochelle, a manager of Haitian descent, promoted Jennifer, who is Haitian, to a Team Lead position, after which Jennifer treated Haitian employees more favorably than Plaintiff; subjected Plaintiff to heightened scrutiny; attempted to get Plaintiff into trouble for minor or fabricated issues; and assigned Plaintiff more difficult and burdensome tasks than those assigned to Haitian employees.

22. Rochelle and Jennifer participated in disciplinary actions against Plaintiff that Plaintiff contends were false, discriminatory, and retaliatory.

23. In or around September 2024, Defendant terminated Plaintiff's employment based upon allegedly false disciplinary write-ups and statements placed in Plaintiff's personnel file by Rochelle.

24. Plaintiff contacted Defendant's corporate office and requested an investigation into the disciplinary actions and termination, after which Defendant determined that the allegations and write-ups against Plaintiff were false and reinstated Plaintiff approximately two months later, around November 2024.

25. Upon Plaintiff's return to work, Jennifer and other employees in the Deli Department appeared upset and unhappy that Plaintiff had been reinstated.

26. Around December 2024, Antonio assigned Plaintiff to assist in the Dairy Department, where Plaintiff was stocking a freezer area when Jennifer approached Plaintiff and forcefully slammed a pallet jack into the glass freezer door behind which Plaintiff was working.

27. Plaintiff believed Jennifer intentionally acted in a threatening and intimidating manner and attempted to strike or frighten Plaintiff with the pallet jack.

28. Plaintiff reported the pallet-jack incident to Rochelle, Antonio, and Mr. James, but Defendant failed to properly investigate the incident or discipline Jennifer.

29. Plaintiff also contacted Defendant's corporate office regarding the ongoing harassment and hostile work environment, but corporate representatives instructed Plaintiff to continue reporting concerns through the chain of command.

30. Around January 2025, Jody conducted a meeting with Plaintiff, Jennifer, and Rochelle regarding the ongoing workplace conflict, during which Plaintiff informed Jody about the pallet-jack incident.

31. Jody stated that nothing could be done regarding the incident because the security cameras allegedly were not functioning at the time, but Plaintiff later spoke with a security guard who informed Plaintiff that the cameras had in fact been functioning properly.

5

32. Plaintiff believed Defendant intentionally misled Plaintiff regarding the existence of video evidence and failed to protect Plaintiff from continued harassment.

33. Thereafter, Brittany Dorvil, who is Haitian, became a Team Lead in the Deli Department and joined in the harassment and hostile treatment directed toward Plaintiff by micromanaging Plaintiff while not subjecting Haitian employees to the same scrutiny; issuing false or unwarranted write-ups against Plaintiff; and frequently speaking Creole with other Haitian employees in Plaintiff's presence, causing Plaintiff to feel excluded, isolated, and targeted.

34. Plaintiff reasonably believed that the use of Creole in this context was intended to exclude Plaintiff and facilitate discriminatory treatment against Plaintiff.

35. As the harassment intensified, Plaintiff sought assistance from HR representative Trinety and was eventually transferred from the Deli Department to the Produce Department in an effort to escape the hostile work environment.

36. Even after Plaintiff transferred departments, Brittany and Rochelle continued targeting Plaintiff by interfering with Plaintiff's ability to take lunch breaks and rest breaks.

37. Plaintiff continued reporting the discriminatory treatment and harassment to corporate representatives and to Michelle, the Operations Manager overseeing Brittany and Rochelle.

38. On or about May 10, 2025, while Plaintiff was working in the Produce Department, Brittany approached Plaintiff and instructed Plaintiff to perform duties for the Deli Department, but Plaintiff informed Brittany that Deli duties were no longer part of Plaintiff's assigned responsibilities.

39. Brittany later returned and yelled at Plaintiff for refusing to perform the Deli tasks.

40. Plaintiff reported the incident to Tamica Wilkerson and stated that Plaintiff could no longer tolerate the ongoing harassment.

6

41. Plaintiff handed over the work phone Plaintiff had been using and attempted to walk away from the confrontation, at which time Tamica physically grabbed Plaintiff and attempted to pull Plaintiff back.

42. Plaintiff pulled away from Tamica and exited the store in tears.

43. While Plaintiff was outside the store crying, Jody approached Plaintiff and asked if Plaintiff was okay, and Plaintiff informed Jody that Plaintiff could not continue working under conditions where employees were hostile toward Plaintiff and harassed Plaintiff throughout the workday.

44. Jody informed Plaintiff that she would discuss the situation with Michelle during an upcoming meeting and advised Plaintiff to take approximately a twenty-minute break, after which Plaintiff returned to work.

45. After Plaintiff returned to work, Brittany avoided Plaintiff and acted as though nothing had occurred, and Defendant failed to conduct any meaningful investigation or follow-up regarding the incident.

46. Plaintiff subsequently took the next two scheduled shifts off from work.

47. When Plaintiff returned to work on or about May 16, 2025, Plaintiff worked until lunch break before being called into the office by Jody, who informed Plaintiff that Plaintiff was being suspended for approximately two weeks based upon allegations made by Brittany that Plaintiff threatened Brittany and threw a phone at Tamica.

48. Plaintiff denies threatening Brittany or throwing a phone at Tamica and informed Defendant that the allegations were false and retaliatory.

49. Plaintiff objected to being suspended before a proper investigation had been completed but was nevertheless suspended and permitted to submit a written statement regarding the incident.

7

50. During the suspension period, Jody informed Plaintiff that the investigation was ongoing and stated that she had informed others that Plaintiff was not a violent or aggressive person, comments Plaintiff found unusual and reflective of Defendant's attempt to characterize Plaintiff negatively despite knowing the accusations lacked merit.

51. On or about June 2, 2025, Defendant informed Plaintiff that Plaintiff's employment was terminated.

52. Plaintiff believes the allegations used to justify the suspension and termination were false, inconsistent, retaliatory, and pretextual.

53. Plaintiff believes Defendant subjected Plaintiff to discriminatory treatment because Plaintiff was a Black American, non-Haitian employee working in a department dominated by Haitian employees and supervisors.

54. Plaintiff further believes Defendant retaliated against Plaintiff because Plaintiff repeatedly complained about discrimination, harassment, favoritism, hostile treatment, and unsafe conduct in the workplace.

55. Defendant failed to adequately investigate Plaintiff's repeated complaints of discrimination and harassment and instead disciplined and ultimately terminated Plaintiff after Plaintiff engaged in protected activity by reporting discriminatory conduct and opposing unlawful treatment.

56. Defendant treated similarly situated Haitian employees more favorably than Plaintiff under similar circumstances.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, mental anguish, and other damages.

58. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff performed her job at satisfactory or above-satisfactory levels.

59. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

60. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and has become obligated to pay a reasonable attorneys' fee.

## COUNT I
### *Discrimination Based on Race and Color in Violation of FCRA § 760.10(1)(a)*

61. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., prohibits an employer from making employment decisions, or taking any personnel action affecting the terms, conditions, and privileges of employment, based upon racial classifications, racial considerations, or color-based reasons.

63. Plaintiff possessed the requisite qualifications and skills to perform the position she held with Defendant.

64. Defendant subjected Plaintiff to disparate treatment in that it treated similarly situated Haitian employees more favorably than Plaintiff. Plaintiff, who was the only American employee working in the Deli Department during the relevant time period, was subjected to heightened scrutiny, false disciplinary write-ups, micromanagement, intimidation, harassment, and more burdensome work assignments, while Defendant did not subject Haitian employees to the same treatment. Plaintiff repeatedly complained to management, human resources, and Defendant's

9

corporate office regarding the discriminatory treatment, harassment, favoritism, hostile work environment, and unequal treatment directed toward her. Despite Plaintiff's complaints, Defendant failed to remedy the discriminatory treatment, failed to adequately investigate Plaintiff's complaints, continued subjecting Plaintiff to harassment and disparate treatment, and ultimately suspended and terminated Plaintiff's employment based upon false allegations.

65. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered economic harm and other associated losses.

66. As a further result of Defendant's unlawful conduct, Plaintiff has been compelled to retain counsel and incur the costs of litigation.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a);

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;

D. Reinstate Plaintiff to the position she held before the discriminatory actions complained of herein, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;

G. Award Plaintiff a money judgment representing prejudgment interest;

H. Award Plaintiff punitive damages;

I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;

J. Grant Plaintiff a trial by jury on all issues so triable; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Discrimination Based on National Origin in Violation of FCRA § 760.10(1)(a)*

67. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

68. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, provides that it is an unlawful employment practice for an employer to discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's national origin.

69. The Florida Civil Rights Act prohibits an employer from making employment decisions, or taking any personnel action affecting the terms, conditions, and privileges of employment, based upon national-origin considerations or reasons.

70. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

71. By the conduct described above, Defendant discriminated against Plaintiff because of Plaintiff's national origin and subjected Plaintiff to national-origin-based animosity.

72. Such discrimination was based upon Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is American and not Haitian.

73. Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

74. Defendant's conduct was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

75. At all times material hereto, the employees who exhibited discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

11

76. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff despite its knowledge that those employees engaged in discriminatory actions.

77. As a result of Defendant's actions, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

78. As a further result of Defendant's unlawful national-origin discrimination, Plaintiff has been compelled to retain counsel and incur the costs of litigation.

79. Defendant's failure, by and through the conduct of its agents, employees, and representatives, to take prompt remedial action to prevent continued discrimination against Plaintiff deprived Plaintiff of her statutory rights under state law.

80. Defendant's actions were willful, wanton, and intentional, and undertaken with malice or reckless indifference to Plaintiff's statutorily protected rights, entitling Plaintiff to compensatory and punitive damages under state law.

81. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a);

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;

D. Reinstate Plaintiff to the position she held before the discriminatory actions complained of herein, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;

G. Award Plaintiff a money judgment representing prejudgment interest;

H. Award Plaintiff punitive damages;

I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;

J. Grant Plaintiff a trial by jury on all issues so triable; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Retaliation in Violation of FCRA § 760.10(7)*

82. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

83. Defendant is an employer within the meaning of the statutes referenced above.

84. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in statutorily protected activity under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

85. Defendant's foregoing unlawful acts were purposeful.

86. Plaintiff engaged in statutorily protected activity by repeatedly complaining to Defendant's management, human resources personnel, and corporate representatives that she was being subjected to discrimination, harassment, and unequal treatment on the basis of her race, color, and national origin as compared to similarly situated Haitian employees. Following Plaintiff's complaints, Defendant continued subjecting Plaintiff to heightened scrutiny, false disciplinary actions, harassment, micromanagement, interference with Plaintiff's breaks, and retaliatory treatment, and ultimately suspended and terminated Plaintiff's employment. Defendant failed to address or remedy Plaintiff's repeated complaints and instead continued permitting and participating in the disparate and retaliatory treatment directed toward Plaintiff. The close temporal proximity between Plaintiff's protected complaints and the adverse employment actions, together with Defendant's continued discriminatory and retaliatory conduct, establishes a causal connection

13

between Plaintiff's protected activity and Defendant's decision to subject Plaintiff to adverse employment actions, including suspension and termination.

87. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.

88. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate the Florida Civil Rights Act, Fla. Stat. § 760.10(7);
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before the retaliatory actions complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;
G. Award Plaintiff a money judgment representing prejudgment interest;
H. Award Plaintiff punitive damages;
I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;
J. Grant Plaintiff a trial by jury on all issues so triable; and
K. Grant such other and further relief as the Court deems just and proper.

## COUNT IV
### *Hostile Work Environment in Violation of FCRA § 760.10(1)(a)*

89. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

90. Defendant is an employer within the meaning of the statutes referenced above.

14

91. The foregoing allegations establish a cause of action for a hostile work environment in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

92. Plaintiff, a Black American woman who is not Haitian, is within a protected class under the Florida Civil Rights Act of 1992.

93. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

94. The harassment Plaintiff endured was based on her race, color, and national origin, characteristics protected under the Florida Civil Rights Act of 1992.

95. The discriminatory and hostile treatment Plaintiff endured was severe or pervasive, in that Defendant consistently subjected Plaintiff to harassment, intimidation, false disciplinary write-ups, micromanagement, retaliatory treatment, interference with breaks, and unequal treatment by supervisors and coworkers in the Deli Department because Plaintiff was a Black American, non-Haitian employee. Haitian coworkers and supervisors repeatedly targeted Plaintiff, subjected her to threatening conduct including the pallet-jack incident involving Jennifer, excluded and isolated her in the workplace, and treated her less favorably than similarly situated Haitian employees. This conduct occurred throughout Plaintiff's employment, was continuous and ongoing rather than isolated, and created an intimidating, hostile, and abusive work environment that interfered with Plaintiff's ability to perform her job duties and caused Plaintiff significant emotional distress, humiliation, stress, and anxiety. The conditions of Plaintiff's employment were materially altered and ultimately culminated in Plaintiff's suspension and termination on or about June 2, 2025.

96. Defendant is liable for this conduct, vicariously or directly, because Plaintiff's supervisors had knowledge of the harassment and abuse and undertook no remedial or disciplinary action.

97. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.

98. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate the Florida Civil Rights Act, Fla. Stat. § 760.10(1)(a);
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before she was subjected to the hostile work environment complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;
G. Award Plaintiff a money judgment representing prejudgment interest;
H. Award Plaintiff punitive damages;
I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;
J. Grant Plaintiff a trial by jury on all issues so triable; and
K. Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *Race Discrimination in Violation of 42 U.S.C. § 1981*

99. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

100. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

101. By the conduct described above, Defendant discriminated against Plaintiff because of Plaintiff's race and ancestry and subjected Plaintiff to race-based animosity.

102. Such discrimination was based upon Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black American woman.

103. Defendant's conduct was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

104. At all times material hereto, the employees who exhibited discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

105. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff despite its knowledge that those employees engaged in discriminatory actions.

106. As a result of Defendant's actions, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

107. Defendant's failure, by and through the conduct of its agents, employees, and representatives, to take prompt remedial action to prevent continued discrimination against Plaintiff deprived Plaintiff of her rights under federal law.

108. Defendant's actions were willful, wanton, and intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages under federal law.

109. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless this Court grants relief.

110. Plaintiff has retained the undersigned counsel and is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate 42 U.S.C. § 1981;
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before the discriminatory actions complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;
G. Award Plaintiff a money judgment representing prejudgment interest;
H. Award Plaintiff punitive damages;
I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;
J. Grant Plaintiff a trial by jury on all issues so triable; and
K. Grant such other and further relief as the Court deems just and proper.

### COUNT VI
#### *Retaliation in Violation of 42 U.S.C. § 1981*

111. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

112. Plaintiff is a member of a protected class under 42 U.S.C. § 1981 and engaged in protected activity by opposing race-based discrimination in the workplace.

113. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

114. Defendant's conduct was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that retaliation on the basis of race was unlawful but acted in reckless disregard of the law.

115. As a result of Defendant's actions, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

116. Defendant's failure, by and through the conduct of its agents, employees, and representatives, to take prompt remedial action to prevent continued retaliation against Plaintiff deprived Plaintiff of her rights under federal law.

117. Defendant's actions were willful, wanton, and intentional, and undertaken with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages under federal law.

118. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless this Court grants relief.

119. Plaintiff has retained the undersigned counsel and is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate 42 U.S.C. § 1981;
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before the retaliatory actions complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;

19

G. Award Plaintiff a money judgment representing prejudgment interest;

H. Award Plaintiff punitive damages;

I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;

J. Grant Plaintiff a trial by jury on all issues so triable; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT VII
### *Hostile Work Environment in Violation of 42 U.S.C. § 1981*

120. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

121. Defendant is an employer within the meaning of the statutes referenced above.

122. The foregoing allegations establish a cause of action for a hostile work environment in violation of 42 U.S.C. § 1981.

123. Plaintiff, a Black American woman, is within a protected class under 42 U.S.C. § 1981.

124. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

125. The harassment Plaintiff endured was based on her race, a characteristic protected under 42 U.S.C. § 1981.

126. The discriminatory and hostile treatment Plaintiff endured was severe or pervasive, in that Defendant consistently subjected Plaintiff to harassment, intimidation, false disciplinary write-ups, micromanagement, retaliatory treatment, interference with breaks, and unequal treatment by supervisors and coworkers in the Deli Department because Plaintiff was a Black American. Haitian coworkers and supervisors repeatedly targeted Plaintiff, subjected her to threatening conduct including the pallet-jack incident involving Jennifer, excluded and isolated her in the workplace, and treated her less favorably than similarly situated Haitian employees. This

20

conduct occurred throughout Plaintiff's employment, was continuous and ongoing rather than isolated, and created an intimidating, hostile, and abusive work environment that interfered with Plaintiff's ability to perform her job duties and caused Plaintiff significant emotional distress, humiliation, stress, and anxiety. The conditions of Plaintiff's employment were materially altered and ultimately culminated in Plaintiff's suspension and termination on or about June 2, 2025.

127. Defendant is liable for this conduct, vicariously or directly, because Plaintiff's supervisors had knowledge of the harassment and abuse and undertook no remedial or disciplinary action.

128. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.

129. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate 42 U.S.C. § 1981;
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before she was subjected to the hostile work environment complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;
G. Award Plaintiff a money judgment representing prejudgment interest;
H. Award Plaintiff punitive damages;
I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;
J. Grant Plaintiff a trial by jury on all issues so triable; and
K. Grant such other and further relief as the Court deems just and proper.

## COUNT VIII
### *Race Discrimination in Violation of Title VII, 42 U.S.C. § 2000e-2(a)*

130. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein, and sues Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

131. At all times material hereto, Defendant failed to comply with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), which makes it an unlawful employment practice for an employer to discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race or color.

132. Defendant discriminated against Plaintiff because of Plaintiff's race and color.

133. Defendant's decision to discriminate against Plaintiff was based on Plaintiff's race and color.

134. At all relevant times, including at the time of the discrimination, Defendant was aware that Plaintiff is Black.

135. At all relevant times, Plaintiff performed the essential functions of her position at a satisfactory or above-satisfactory level.

136. Plaintiff was qualified for her position.

137. Defendant discriminated against Plaintiff because she is a Black American woman.

138. Defendant is a sophisticated employer with actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

139. Defendant's failure to comply with Title VII was willful, and its violations of the statute were willful.

22

140. Through its practices and policies as an employer, Defendant willfully, and with malice or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race and color with respect to the terms, conditions, and privileges of her employment.

141. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered economic losses as well as mental pain and suffering.

142. Defendant's actions were malicious and recklessly indifferent to Plaintiff's right to be free from discrimination on the basis of race and color.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a);
B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;
C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;
D. Reinstate Plaintiff to the position she held before the discriminatory actions complained of herein, or to an equivalent position;
E. Reinstate full fringe benefits and seniority rights to Plaintiff;
F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;
G. Award Plaintiff a money judgment representing prejudgment interest;
H. Award Plaintiff punitive damages;
I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;
J. Grant Plaintiff a trial by jury on all issues so triable; and
K. Grant such other and further relief as the Court deems just and proper.

## COUNT IX
### *Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3(a)*

143. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

144. Defendant is an employer within the meaning of the statutes referenced above.

145. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff opposed unlawful employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

146. Defendant's foregoing unlawful actions were purposeful.

147. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as set forth above.

148. Plaintiff engaged in statutorily protected activity by repeatedly reporting and opposing Defendant's discriminatory and harassing treatment of her based on her race, color, and national origin. Following these complaints, Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, false disciplinary actions, suspension, and ultimately termination. A direct causal connection exists between Plaintiff's protected activity and the adverse employment actions taken against her.

149. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.

150. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a);

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;

D. Reinstate Plaintiff to the position she held before the retaliatory actions complained of herein, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;

G. Award Plaintiff a money judgment representing prejudgment interest;

H. Award Plaintiff punitive damages;

I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;

J. Grant Plaintiff a trial by jury on all issues so triable; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT X
### *Hostile Work Environment in Violation of Title VII, 42 U.S.C. § 2000e-2(a)*

151. Plaintiff re-adopts and re-alleges each factual allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

152. Defendant is an employer within the meaning of the statutes referenced above.

153. The foregoing allegations establish a cause of action for a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

154. Plaintiff, a Black American woman, is within a protected class under Title VII of the Civil Rights Act of 1964.

155. The discriminatory and hostile treatment Plaintiff endured was severe or pervasive, in that Defendant consistently subjected Plaintiff to harassment, intimidation, false disciplinary write-ups, micromanagement, retaliatory treatment, interference with breaks, and unequal treatment by supervisors and coworkers in the Deli Department because Plaintiff was a Black American, non-Haitian employee. Haitian coworkers and supervisors repeatedly targeted Plaintiff, subjected her to threatening conduct including the pallet-jack incident involving Jennifer, excluded and isolated her in the workplace, and treated her less favorably than similarly situated Haitian employees. This conduct occurred throughout Plaintiff's employment, was continuous and

25

ongoing rather than isolated, and created an intimidating, hostile, and abusive work environment that interfered with Plaintiff's ability to perform her job duties and caused Plaintiff significant emotional distress, humiliation, stress, and anxiety. The conditions of Plaintiff's employment were materially altered and ultimately culminated in Plaintiff's suspension and termination on or about June 2, 2025.

156. Defendant is liable for this conduct, vicariously or directly, because Defendant had knowledge of the harassment and abuse and undertook no remedial or disciplinary action.

157. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of the capacity for the enjoyment of life, and other tangible and intangible damages.

158. These damages are continuing and permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a);

B. Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates;

D. Reinstate Plaintiff to the position she held before she was subjected to the hostile work environment complained of herein, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to Plaintiff;

F. Order Defendant to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including back pay and front pay, with prejudgment interest;

G. Award Plaintiff a money judgment representing prejudgment interest;

H. Award Plaintiff punitive damages;

I. Grant Plaintiff the costs of this action, including reasonable attorneys' fees;

J. Grant Plaintiff a trial by jury on all issues so triable; and

K. Grant such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as of right.

Dated: July 7, 2026

Respectfully submitted,

_s/ Peter M. Hoogerwoerd, Esq._
**Peter M. Hoogerwoerd, Esq.**
Florida Bar No.: 188239
pmh@rgph.law
**Samuel G. Gonzalez, Esq.**
Florida Bar No.: 1011323
samuel.gonzalez@rgph.law
**REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC**
2745 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Tel: (305) 416-5000
_Counsel for Plaintiff_

27